UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNDERWOOD COTTON COMPANY, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CA NO: 5:14-cv-00096-C |
| | § | (**JURY TRIAL**) |
| CLARK FREIGHT LINES, INC. AND | § | (**ADMIRALTY**) |
| TEXAS GULF LOGISTICS, .L.L.C. | § | |
| | § | |
| DEFENDANTS. | § | |

## FIRST AMENDED ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM

Within twenty-one (21) days of filing its answer in the state court action and in an effort to conform its pleadings to FED. R. CIV. P. 8-13 and 15 upon the removal of this civil action, Clark Freight Lines, Inc. ("*CFL*") hereby answers the pending Complaint [1] filed by Underwood Cotton Company, Inc. ("*Underwood*") and CFL complains against Underwood as follows:

## First Amended Original Answer

1.      As permitted, CFL enters a general denial of all matters not otherwise admitted. CFL demands that Underwood prove each material allegation as required by law.

2.      CFL does not have to admit or deny the opening paragraph of the Complaint which is a statement of Underwood's alleged claim, but CFL denies that Underwood can recover as alleged.

3.      CFL does not have to admit or deny Complaint ¶ 1 which sets forth the state district court Discovery Level.

4.      CFL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint ¶ 2 and thereby denies them.

---

[1] The Plaintiff filed a Original Petition in the state court action.  CFL will refer to that Original Petition as the Complaint.

5.      CFL admits the allegations in Complaint ¶ 3.

6.      CFL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint ¶ 4 and thereby denies them.

7.      CFL denies the subject matter jurisdictional allegations, in Complaint ¶ 5, of the state district court, but admits that this Court has subject matter jurisdiction over this civil action. CFL admits the personal jurisdictional allegations therein of the state district court and of this Court.

8.      CFL denies the allegations of venue set forth in Complaint ¶ 6.

9.      CFL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint ¶ 7 and thereby denies them.

10.     CFL admits the allegations of Complaint ¶ 8.

11.     CFL denies the allegations of Complaint ¶¶ 9 and 10, except for the last sentence of Complaint ¶ 10 which states the purpose of the lawsuit which CFL does not have to admit or deny,

12.     CFL does not have to admit or deny Complaint ¶¶ 11 and 12 which set forth that Underwood has filed a declaratory judgment action.  CFL asserts that the state district court does not have subject matter jurisdiction over the requested declaration of non-liability under the federal common law, but CFL admits that this Court does have such subject matter jurisdiction. CFL denies any allegation that supports any requested relief by Underwood.

13.     CFL denies the allegations in Complaint ¶¶ 13, 14, 15, 16 and the Prayer.

## Right of Recovery Under the Federal Common Law

14.     Underwood is indebted to CFL under the federal common law applicable to interstate shipment of goods or under the federal common law applicable to maritime shipments.

## Other Defenses

15.     Alternatively, Underwood is precluded, in whole or in part, from its requested relief under the doctrines of waiver, estoppel, and/or course of conduct.

CFL prays that Underwood take nothing by its claims, that the Court grant judgment for CFL and against Underwood and that the Court grant CFL all available whole, partial, general, specific, legal, equitable, statutory or other relief to which CFL is justly or otherwise entitled.

## Original Counterclaim

CFL complains against Underwood as follows:

## Notice to Underwood

16.     Underwood has appeared.  It may be served by serving a true and correct copy of this counterclaim on its attorney, Robert I. Joseph, Law Offices of  Robert  I  Joseph,  P.C. P.  O. Box 2603, Lubbock, Texas 79424

## Jurisdiction and Venue

17.     CFL asserts that this counterclaim and Underwood's declaratory judgment action may only proceed in the federal district court.  This Court has exclusive original or removal jurisdiction over all such claims as set forth in the prior filed Notice of Removal (and which is fully incorporated herein).

18.     CFL asserts that personal jurisdiction exists over Underwood and CFL.

## Cause of Action

### A.

19.     Underwood is a shipper in the business of arranging for the transportation of cotton from the warehouse to the final destination.

20.     It represents to the public and to CFL that Underwood ensures the shipment of cotton from the warehouse to its final destination, works closely with the warehouse and the transportation companies, and tracks the details of each shipment on a daily basis.

21.     Underwood represents further that any problem in shipment is quickly resolved and that Underwood strives for quality in every step of the "field-to-fabric" process.

### B.

22.     CFL is an intermodal trucking company located in Harris County, Texas.

23.     CFL moves containers as requested by shippers, like Underwood, principally throughout Texas and the Southeast United States (including to and from the Houston Ship Channel).

### C.

24.     Between January 30, 2014 and February 26, 2014, Underwood, as the shipper, apparently sought to transport cotton from West Texas to Harris County, Texas to the Port of Houston and to destinations beyond Texas.

25.     Underwood, as the shipper, apparently arranged for the cotton to be moved by truck to Harris County, Texas where the cotton was to be loaded into containers which were, in turn, to be moved to the Port of Houston and then loaded onto vessels for shipment abroad.

26.     Underwood, as shipper, apparently started this through transit of cotton from West Texas to Harris County, Texas to the Port of Houston and to destinations beyond.

27.     Underwood,  as shipper, apparently monitored the details of the through transit, as it represented that it did.

28.     As part of this through transit, the cotton was apparently loaded into one-hundred-thirty-four (134) containers at IMS in Harris County, Texas.  These containers were delivered to CFL to move to the Port of Houston.

29.     CFL picked-up these containers of cotton and moved them to the Port of Houston.

30.     CFL was provided with receipts confirming that Underwood was the shipper and that CFL was providing part of a through transit to the Port of Houston.

31.     CFL was not provided with any documents, and has not been provided with any documents, through the present day, showing the following:

   a.  Underwood, as shipper, sought to limit recourse by Underwood as shipper to CFL for the freight charges for the work provided by CFL;

   b.  Underwood, as shipper, notified CFL that CFL had to look to someone other Underwood as shipper for the freight charges; or

   c.  Underwood, as shipper, notified CFL that all freight charges had already been paid.

32.     CFL did not behave opportunistically.

33.     CFL did not seek out Underwood or try to trick Underwood into using CFL as the carrier.

34.     CFL instead did what a reasonable carrier would do when goods that Underwood, as a shipper, wanted to be moved made those goods available to CFL for transportation.

35.     CFL moved each of these containers in a timely and complete manner.

36.     No party has complained to CFL that CFL failed to discharge its work in moving the containers.

37.     The resulting movement of the containers by CFL was an integral part of completing the through transit which could not have been accomplished without the work of CFL.

38.     As a result, CFL conferred a benefit on Underwood as the shipper.

39.     The total freight charges charged by CFL for these shipments are $43,861.00.

40.     These freight charges were reasonable, necessary and customary for the work provided by CFL

41.     No one has questioned the reasonableness, necessity or customary character of these charges.

42.     Despite performing the work, CFL has not been paid $43,861.00 for the freight charges.

43.     CFL made a timely demand upon Underwood, as shipper, to pay these freight charges.

44.     Despite such demand, Underwood refused and continues to refuse to pay the freight charges.

45.     CFL is still owed $43,861.00.

46.     As a result, CFL was compelled to file this counterclaim against Underwood.

47.     All conditions precedent to CFL's requested recovery have occurred or have been performed.

48.     Because CFL moved the cotton as part of an interstate through transit of goods and as part of a marine transportation of goods, the federal common law governs and controls the rights and obligations of both CFL and Underwood, respectively, regarding the payment of freight charges.

49.    In this regard, the federal common law preempts any Texas law and imposes an obligation on Underwood, as shipper, as implied in law under the doctrine of *quasi*-contract, to pay CFL the unpaid freight charges.

50.    This obligation on Underwood as shipper applies even if Underwood did not know that CFL would perform the above-mentioned integral portion of the through transit which benefitted Underwood (as shipper).

51.    This obligation on Underwood, as shipper, applies even if Underwood paid another person to perform this same work.

52.    This obligation on Underwood recognizes that Underwood, as shipper, initiated and arranged the shipment and could have precluded the imposition of this implied obligation, but failed to do so.

53.    Accordingly, CFL sues Underwood, as shipper, under the federal common law to recover the unpaid freight charges, attorneys' fees and maximum pre- and post-judgment interest.

54.    CFL further sues Underwood, as shipper, under the federal common law to craft the necessary remedy to prevent the unjust enrichment to Underwood, as shipper, and to redress the damages to CFL and thereby recover all such damages, attorneys' fees and pre- and post-judgment interest.

CFL prays that the Court grant judgment in favor of CFL and against Underwood, that the Court award CFL the maximum requested relief, damages, attorneys' fees and interest and that the Court grant CFL all whole, partial, general, specific, legal, equitable or other available relief to which CFL is justly or otherwise entitled.

Respectfully submitted,

/s/ Pascal Paul Piazza

_____

Pascal Paul Piazza
Texas Bar No. 15966850
ppp@zbsplaw.com
1177 West Loop South, Suite 1100
Houston, Texas 77027
(713) 965-9969/(713) 963-9169 (Fax)
*Attorney-in-Charge*

Of Counsel:
Zukowski, Bresenhan, Sinex & Petry, L.L.P.

Co-Counsel

Dustin R. Burrows
Texas Bar No. 24048375
McCleskey, Harriger, Brazill & Graf, L.L.P.
5010 University Avenue
Lubbock, Texas 79413-4422
(806) 796-7300/(806) 796-7365 (Fax)
DustinBurrows@MHBG.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify service of a true and correct copy of this answer and counterclaim on the 23rd day of June 2014 as follows:

Robert Joseph
Robert I Joseph, P.C.
P. O. Box 2603
Lubbock, Texas 79424
**TELECOPIER (806) 762-0588**

/s/ Pascal Paul Piazza

_____